Dear Mr. Mathison:
You requested an Attorney General's opinion regarding the FEMA flood hazard mitigation program ("Program"). You indicated that the City of Slidell has participated in the Program for the last several years. The City administers federal grant funds as a subgrantee of the State of Louisiana, the grantee. The program provides for the elevation of repetitively flooded residences located within the City. The homeowner contracts with a general contractor for performance of the work. The contractor submits requests for payments to the City's third-party administrator upon completion of project milestones according to the contract. The City, on an ongoing basis, would submit requests to the State for advance of funds based upon future cash flow needs. The federal funds advanced by the State were used to pay the contractors. No City funds were expended in this process.
You advise that FEMA recently issued regulations providing for a different process for administering the Program. FEMA now requires that City funds be used to fund the payments to contractors. The City must then seek reimbursement of the funds expended. Upon approval, the City would be reimbursed by the State on a periodic basis, either quarterly or monthly. Essentially, instead of receiving federal funds from the State in advance of payments, and then using those funds to pay the requests for payments, FEMA now requires that the City use its own funds to pay the requests for payments, and then seek reimbursement from the State. You question whether the new FEMA payment process violates Article VII, Section 14 of the Louisiana Constitution or any other provision of law.
As you are no doubt aware, Article 7, Section 14 of the Louisiana Constitution prohibits the state or any of its political subdivisions from loaning, pledging or donating public funds or anything of value to or for any person, association or corporation, public or private. The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under *Page 2 
no legal obligation to do so. City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983). We have interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Attorney General Opinion Nos. 03-0444, 02-0162 and 00-14.
There can be no question but that the City of Slidell has no general obligation or authority to individual property owners or citizens to expend public funds to improve or elevate their private property. Therefore, it is the opinion of this office that the City of Slidell is prohibited under Article 7, Section14 of the Louisiana Constitution from using City funds to pay contractors for the elevation of private property. The fact that the City may later seek to have those funds reimbursed is irrelevant.
Note that the payments made under the original process, where the City received FEMA grant funds and then used those funds to pay contractors, were not made in violation of Article 7, Section14 of the Louisiana Constitution. The funds received as part of the Program are not funds of Louisiana, but rather are funds of the United States Government. Accordingly, Article 7, Section 14 does not apply. In accord is Attorney General Opinion No. 02-0414.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ KENNETH L. ROCHE, III Assistant Attorney General